**UNITED STATES DISTRICT COURT**

**MIDDLE DISTRICT OF LOUISIANA**

TAMMY CRAWFORD                                        CIVIL ACTION

VERSUS                                                NO. 25-490-SDJ

FRANK BISIGNANO, COMMISSIONER
OF SOCIAL SECURITY

**RULING AND ORDER**

Before the Court is an Unopposed Petition for Attorney Fees Under the Equal Access to Justice Act (R. Doc. 23) filed by Plaintiff and Plaintiff's counsel. The Commissioner has not filed a response to the Motion. As Plaintiff was the prevailing party in this case, the Commissioner does not object, and the fees sought are reasonable, the Motion will be granted. Plaintiff is awarded $5,960.00 in fees pursuant to the Equal Access to Justice Act.

## I.    Background

In this action, Plaintiff appealed the Commissioner of the Social Security Administration's denial of Plaintiff's application for Disability Insurance Benefits under Title II of the Social Security Act.[1] Plaintiff filed a Memorandum in Support of Appeal on October 9, 2025.[2] The Commissioner, in response, filed an Unopposed Motion to Reverse and Remand Under Sentence Four of the Social Security Act, 42 U.S.C. § 405(g), in which he requested that the matter be remanded "for further administrative action and a new decision."[3] This Court, on January 26, 2026, issued an Order granting the Commissioner's Motion and remanding the case for further administrative proceedings.[4] The instant Motion for Attorney Fees Pursuant to the Equal Access

---

[1] R. Doc. 1 at 1.
[2] R. Doc. 16.
[3] R. Doc. 19 at 1.
[4] R. Doc. 20.

to Justice Act was then filed on April 24, 2026, seeking a fee award under the EAJA of $5,960.00.[5]

As stated above, because the Commissioner has not filed an opposition or other response, the Court

considers this Motion unopposed.

## II.     Law and Analysis

The EAJA provides that a court shall award attorney fees and costs to a prevailing party in

a civil action brought against the United States.  28 U.S.C. § 2412.  Attorney fees shall be awarded

to a prevailing party "unless the court finds that the position of the United States was substantially

justified or that special circumstances make an award unjust."  28 U.S.C. § 2412(d)(1)(A).  There

is no dispute that Plaintiff is the prevailing party and is, therefore, entitled to an award of fees and

costs under the EAJA.  There also is no dispute either about the number of hours for which Plaintiff

is claiming compensation or the hourly rates sought.

Here, Plaintiff alleges that 32.4 attorney hours and 2.9 paralegal hours of work were

performed.[6]  The hourly rate being sought is $175 per hour for attorneys and $100 per hour for

paralegals.[7]  The Court has reviewed the time/cost accounting documents submitted in support of

the Motion[8] and agrees that 32.4 attorney hours and 2.9 paralegal hours is a reasonable amount of

time and that $175 and $100 are reasonable attorney and paralegal hourly rates, respectively.[9]

---

[5] R. Doc. 23.

[6] R. Doc. 23-1.

[7] R. Doc. 23 at 2; R. Doc. 23-1.

[8] R. Doc. 23-1.

[9] This Court has held that $175.00 per hour was a reasonable fee for attorney time, which includes a cost-of-living adjustment to the statutory cap of $125.00.  *See Gann v. Colvin*, No. 14-189, 2017 WL 385038, at *3 (M.D. La. Jan. 27, 2017) (finding "that an hourly rate of $175.00 satisfies the goals of the EAJA—increasing rates only to the extent necessary to ensure an adequate source of representation and not exceeding the percentage by which the market rate attorney's fees have increased since the statute was enacted in 1981"); *see also Sibley v. Kijakazi*, No. 20-759, 2022 WL 1559073, at *1 (M.D. La. May 17, 2022) (granting Plaintiff's request for attorney fees at the hourly rate of $175); *Ricks v. Comm'r of Soc. Sec.*, No. 18-1097, 2020 WL 2130989, at *1 (M.D. La. May 5, 2020) (awarding attorney fees at a rate of $175 an hour).  Accordingly, the $175.00 per hour fee for attorney time sought in the Motion is reasonable. Similarly, the $100 per hour fee sought for paralegal work also is reasonable.  *See Nkenglefac v. Garland*, 64 F.4th 251, 256 (5th Cir. 2023) (finding a rate of $100 per hour for a paralegal in Louisiana under the EAJA appropriate); *Pouncy v. Kijakazi*, No. 21-404, 2023 WL 9470713, at *2 (W.D. La. May 3, 2023) (finding rate of $100 per hour for

Finally, the record includes an assignment of fees signed by Plaintiff transferring and assigning her rights and interests in any EAJA fees to her attorneys.[10]  In the Motion, Plaintiff and Plaintiff's counsel recognize that any payment should be made payable to Plaintiff, but mailed to Plaintiff's counsel.[11]  The practice in this Circuit has been to award EAJA attorney fees directly to the plaintiff.[12]  In keeping with this precedent, the award of EAJA attorney fees in this case is to be made payable directly to Plaintiff and mailed to Plaintiff's counsel.

### III.    Conclusion

Accordingly,

**IT IS ORDERED** that Plaintiff's Unopposed Petition for Attorney Fees Under the Equal Access to Justice Act (R. Doc. 23) is **GRANTED**.

**IT IS FURTHER ORDERED** that the Commissioner shall remit to Plaintiff's counsel a check made payable to "Tammy Crawford" for fees in the amount of $5,960.00 (32.4 attorney hours at $175.00 per hour and 2.9 paralegal hours at $100.00 per hour), pursuant to the Equal Access to Justice Act, 28 U.S.C. § 2412(d)(1)(A).  The check may be mailed to Plaintiff's counsel. Full or partial remittance of the awarded fee is contingent upon a determination by the Commissioner that Plaintiff does not owe any qualifying, pre-existing debt(s) to the Government. The Commissioner will reduce the awarded attorney fees in this Order to the extent necessary to satisfy such debt(s) and forward the remainder of the award, as set forth herein.

---

paralegal work reasonable, particularly in light of the Fifth Circuit approving that same rate and the Commissioner's lack of opposition to the requested hourly rate).

[10] R. Doc. 23-2.

[11] R. Doc. 23 at 2.  Plaintiff and Plaintiff's counsel also recognize that remittance of payment "will be contingent upon a determination by the Government that Plaintiff owes no qualifying, pre-existing debt(s) to the Government."  R. Doc. 23-3; *see also* R. Doc. 23 at 2.

[12] *See Jackson v. Astrue*, 705 F.3d 527, 531 n. 11 (5th Cir. 2013) (noting that "the government pays EAJA fees directly to the litigant"); *Craig v. Colvin*, No. 15-583, 2016 WL 4689044, at *3 (M.D. La. Sep. 6, 2016) (holding that under *Ratliff*, a fee award shall be made directly to the plaintiff, not her counsel).

Signed in Baton Rouge, Louisiana, on June 9, 2026.

**SCOTT D. JOHNSON**
**UNITED STATES MAGISTRATE JUDGE**